IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DONALD LEAGUE,         )<br>                              )<br>      Plaintiff               )<br>v.                             )<br>                              )<br>UPPER CUMBERLAND ELECTRIC )<br>MEMBERSHIP CORPORATION,   )<br>                              )<br>      Defendant.           )         | Civil Action No. _____<br><br>JURY DEMAND |

## COMPLAINT

Donald League ("Plaintiff" or "Mr. League") brings this complaint against Defendant, Upper Cumberland Electric Membership Corporation ("UCEMC" or the "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Tennessee Human Rights Act ("THRA") and would state as follows.

### PARTIES

1. Donald League is a citizen and resident of the state of Tennessee. At all times material, Mr. League has resided at 133337 Beasley Lane, Silver Point, TN 38582. Mr. League is a 51-year-old African-American male.

2. UCEMC is a for-profit corporation duly organized and authorized to do business under the laws of the State of Tennessee since 1938. UCEMC's principal office is located at 138 Gordonsville Hwy, Carthage, TN 37030. Its agent for service of process is Carl V. Brandt, whose office is also located at 138 Gordonsville Hwy, Carthage, TN 37030.

## JURISDICTION & VENUE

3.  Jurisdiction is proper pursuant to 29 U.S.C. §1132(a) as the acts complained of constitute violations of Title VII of the Civil Rights Act & the ADEA.

4.  Mr. League received his right to sue letter from the EEOC on June 16, 2008.

5.  This court has supplemental jurisdiction over the state law claims herein pursuant to 28 U.S.C. §1367.

6.  Venue is proper in this court as the substantial portion of the actions complained of occurred in this district and both parties can be found therein.

## SPECIFIC FACTUAL ALLEGATIONS

7.  Donald League has been involved in industrial trades for more than 30 years, having received vocational training in a variety of industries and disciplines and having many years of practical experience.

8.  In August 2007, Mr. League applied for the position of Journeyman Lineman with UCEMC. This position involves the construction and maintenance of overhead and underground electrical systems. While he did receive an interview, Mr. League was denied employment via a letter dated August 31, 2007.

9.  In October 2007, Mr. League applied again for a position with UCEMC, this time for the job of Staking Technician. The position of staking technician involves schematic drafting in the design of overhead and underground electrical systems. Again, following an interview, Mr. League was denied employment, in a letter dated December 1, 2007.

10. According to a company policy stated in both letters, UCEMC has adopted the practice of only granting interviews to applicants which the company has designated "well-qualified."

11. In both letters to Mr. League, UCEMC has recognized that, "interviewing each applicant would have been impractical." As a result, the company policy is to select "a group appearing to be well-qualified" from the pool of applicants and interview only those applicants. Since Mr. League received interviews for both positions, Mr. League was clearly well-qualified under UCEMC's own policy and standards.

12. Upon information and belief, UCEMC has filled both positions for which Mr. League applied with substantially younger, Caucasian applicants.

13. As a result of his repeated rejection by UCEMC, Mr. League timely filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 27, 2007 alleging violations of Title VII and the ADEA. As is common practice, the EEOC declined to prosecute the claims in its own name, but the EEOC did issue a right to sue letter to Mr. League dated June 16, 2008.

14. During the period after the issuance of the right to sue letter and before the filing of this action, Mr. League applied for a third open position at UCEMC, Assistant Right of Ways Equipment Operator. This position called for the operation of heavy machinery. Mr. League was denied an interview for this position, in spite of his qualifications and a recommendation from a member of UCEMC's Board of Directors.

15. Having been unable to resolve his grievances against UCEMC via other means, Mr. League has been forced to file the above-entitled action.

## COUNT I: RACE DISCRIMINATION UNDER TITLE VII

16. Plaintiff hereby realleges and incorporates each and every allegation set forth above as if fully set forth herein.

17. At all times relevant here, Defendant was a corporation engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Therefore, NPS is an "employer" covered by Title VII, as defined in 42 U.S.C. § 2000e(b)

18. Mr. League is a member of a protected class because of his race, African-American.

19. Plaintiff was qualified to do the work required by Defendant in each of three separate job descriptions posted by the Defendant.

20. Defendant repeatedly and intentionally passed over Plaintiff for the jobs for which he was qualified, instead making sure that similarly-qualified persons who were not members of a protected class were hired for those jobs. Defendant's refusal to hire Mr. League constitutes an adverse employment action.

21. Defendant took these adverse employment actions against Mr. League on the basis of his race.

22. Defendant acted with malice or reckless disregard of Plaintiff's federally protected status.

23. Defendant's actions violate 42 U.S.C. § 2000e-2(a)(1) *et seq.*

{004215/08210/00136833.DOC / Ver.2}4

## COUNT II – AGE DISCRIMINATION
## UNDER THE ADEA

24. Plaintiff hereby realleges and incorporates each and every allegation set forth above as if fully set forth herein.

25. Mr. League is over 40 years old, and as such is protected from age discrimination by the ADEA.

26. Defendant repeatedly and intentionally passed over Plaintiff, a member of a protected class due to his age, 51 years old, for the jobs for which he was qualified, instead making sure that similarly-qualified persons who were not members of a protected class were hired for those jobs. Defendant's refusal to hire Mr. League constitutes an adverse employment action.

27. Defendant took adverse employment actions against Mr. League on the basis of his age.

28. Defendant's actions violate the ADEA and they are willful violations.

### PRAYER FOR RELIEF

WHEREFORE, DONALD LEAGUE prays:

1. That service of process be had upon the Defendant and that the Defendant be required to appear and answer this Complaint within the time prescribed by law;

2. That a jury be assembled to try and decide this matter;

3. That the Court declare that the Defendant discriminated against Plaintiff on the basis of race and by denying him employment for which he was qualified;

4. That the Court award back pay and front pay;

5. That the Court award compensatory, liquidated, and punitive damages;

6. That the Court award injunctive relief to Plaintiff in the form of mandatory hiring, where appropriate;

6. That the Court award to the Plaintiff reasonable attorney's fees and the costs incurred in this action; and

7. That the Court grant to the Plaintiff such further relief as may be deemed necessary and proper.

This, the 15th day of September, 2008.

Respectfully submitted,

*(signature)*

JAMES G. STRANCH III, BPR#2542
B. DENARD MICKENS, BPR #025033
*Branstetter, Stranch & Jennings, PLLC*
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419

*Attorneys for Plaintiff*